124 F.3d 210
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan Ernesto CALDERON, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70048.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 8, 1997**
Decided Sept. 15, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Juan Ernesto Calderon, a native and citizen of El Salvador, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judges's ("IJ") denial of his application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review for substantial evidence the BIA's factual findings underlying its decision that an applicant is ineligible for asylum, see Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995), and we will reverse that decision only if the applicant presents "compelling evidence of persecution," see Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995).
 
 
 4
 Calderon contends that the BIA's finding that he did not establish a well-founded fear of persecution on account of his imputed political opinion is not supported by substantial evidence. This contention lacks merit.
 
 
 5
 Calderon testified that he worked for the Salvadoran Ministry of Education, delivering educational materials and equipment by truck around the country. On two occasions, guerillas stopped his truck, stole equipment and money, and threatened to kill Calderon. Calderon left El Salvador in 1991, and testified that he fears that the guerillas would harm him if he returns to El Salvador. Calderon, however, acknowledged that his political party is now the governing party of El Salvador, and that the guerillas signed a peace accord with the government in 1992.
 
 
 6
 Here, substantial evidence supports the BIA's determination that Calderon failed to establish his eligibility for asylum. Although Calderon's testimony may have established that he has a subjective fear of persecution if returned to El Salvador, see Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990), he adduced no evidence to support an objectively reasonable well-founded fear of persecution, see Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam).
 
 
 7
 Accordingly, we conclude that no reasonable factfinder would be compelled to conclude that Calderon possessed a well-founded fear of persecution. See Kazlauskas, 46 F.3d at 905. Because the standard for withholding of deportation is higher than the standard for asylum, we affirm the denial of withholding of deportation. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3